UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE NICOLE GUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-118 SNLJ |
| | ) | |
| RYAN BECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and *Bivens*. The motion is granted. Additionally, this action is stayed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Background

On September 12, 2016, defendant Ruben White conducted a traffic stop on plaintiff and her husband. Defendants White, Ryan Becker, Mandy Turner, and Kenneth Dalton searched her car without obtaining a warrant. Defendant Turner searched plaintiff's person.

Plaintiff says she saw Becker plant drugs in her husband's milkshake. She and her husband were both arrested for drug trafficking. At the police station, Becker and White threatened to take her children away if she did not make a statement.

Plaintiff alleges that defendant Tim Willis, who is an Assistant United States Attorney, violated her husband's rights because he is prosecuting him in *United States v. Gunn*, No. 1:17-CR-34 SNLJ (E.D.Mo.).

On September 23, 2016, the State charged plaintiff by way of Information with Trafficking in Drugs in the Second Degree. *Missouri v. Gunn*, No. 16NM-CR00877-01 (New Madrid County). The case is pending.

## Discussion

The complaint is frivolous with respect to Willis because she has not alleged facts showing he violated her rights and because prosecutors are absolutely immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). As a result, Willis is dismissed.

Plaintiff's false arrest claims must be stayed because the drug trafficking charge remains pending in the state court. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district

2

court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Tim Willis is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending disposition of *Missouri v. Gunn*, No. 16NM-CR00877-01 (New Madrid County).

**IT IS FURTHER ORDERED** that plaintiff must notify the Court of the disposition of *Missouri v. Gunn*, No. 16NM-CR00877-01 (New Madrid County), no later than thirty (30) days after the judgment is entered.

**IT IS FURTHER ORDERED** that the Clerk is directed to administratively terminate this case.

An Order of Partial Dismissal will be filed forthwith.

Dated this 15th day of August, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE